UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCOTT LAKE, | No. 2:20-cv-2174 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| P. EATON, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner has moved to stay the petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while he returns to state court to exhaust two of its claims. See ECF No. 20. As explained more fully below, the undersigned concludes that this motion should be denied. Before making such a recommendation, however, the court will give petitioner the opportunity to file another motion to stay, this one pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), for the court's consideration in the alternative.

I.     PROCEDURAL HISTORY

On October 29, 2020, the petition was docketed in this court. ECF No. 1. In January 2021, petitioner filed a proper in forma pauperis application (ECF No. 7), and on January 25,

1

2021, respondent was ordered to file a response to the petition (ECF No. 8).

On March 23, 2021, respondent filed a motion to dismiss[1] on the grounds that the instant petition is unexhausted. See ECF No. 12. On April 16, 2021, petitioner's opposition to the motion to dismiss was docketed. ECF No. 16. Respondent's reply was filed on April 28, 2021. ECF No. 19. In response to the reply, petitioner has filed the instant motion to stay the petition. ECF No. 20. Respondent's motion to dismiss remains submitted for decision, and will be addressed following resolution of the stay issue that is now before the court.

II. APPLICABLE LAW

There are two kinds of stays available to a Section 2254 petitioner who wishes to exhaust claims in state court. One is established by Rhines v. Weber, 544 U.S. 269 (2005), and the other is established by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007).

The Rhines stay procedure may be applied either to petitions which contain only unexhausted claims or to petitions that are "mixed" — that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

The Kelly stay procedure is used with mixed petitions. When it is implemented, the following occurs: (1) the petitioner amends the mixed petition to delete any unexhausted claims;

---

[1] As discussed below, given that the court's ruling on respondent's motion to dismiss is contingent upon what petitioner opts to do with his unexhausted claims, it does not rule on the motion to dismiss at this time.

(2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn, provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

III.   DISCUSSION

Petitioner seeks a Rhines stay in response to respondent's outstanding motion to dismiss this action. Petitioner readily admits that he has not exhausted Claims Four and Five of the petition. See ECF No. 16 at 2-4; see generally ECF No. 20.

Although petitioner argues that he meets the Rhines requirements (see ECF No. 20 at 8-10), the court disagrees. Petitioner claims that he is innocent of the crimes of which he has been convicted, arguing that his actual innocence (1) constitutes good cause for having failed to exhaust, and (2) shows that his claims are potentially meritorious. Newly discovered evidence of actual innocence may permit a petitioner to overcome untimeliness or procedural default in federal habeas proceedings. See Schlup v. Delo, 513 U.S. 298, 314-15 (1995) (actual innocence as exception to procedural default); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (actual innocence as grounds to equitably tolling statute of limitations). However, it does not excuse non-exhaustion.[2]

---

[2] When the exhaustion process results in a state court procedural denial that might otherwise bar federal consideration of claims, Schlup may come into play. Similarly, when exhaustion results in federal untimeliness, McQuiggin may be invoked. In either case, the exception applies only where evidence of factual innocence is newly discovered, and where a miscarriage of justice has

3

Petitioner's motion does not specify any evidence of his factual innocence, but merely refers the court to his conclusory prior allegations that exculpatory evidence was withheld by the prosecution. ECF No. 20 at 8. The Brady claim in the petition refers to a cell phone still in the state's possession, which allegedly contains recorded conversations between petitioner and a victim. ECF No. 1 at 5, 70. It can be fairly inferred that petitioner has been aware of the existence of the seized cell phone, and the recordings it contained, since the time of the phone's seizure. This evidence therefore is not newly discovered, and thus cannot support cause under Rhines for petitioner's failure to previously exhaust. Moreover, the contents of the recorded conversation are not specified and so its exculpatory value—and the merit of claims based on that alleged value—cannot be evaluated.

For these reasons, petitioner's showing as to good cause and the potential merit of his unexhausted claims is inadequate to support a Rhines stay. Moreover, petitioner fails to address the diligence prong with any specificity. See id. at 9. Accordingly, petitioner's motion to stay the petition pursuant to Rhines must be denied.

However, because petitioner has not alternatively requested a stay under Kelly, the court will grant him the opportunity to do so before issuing Findings and Recommendations on his stay motion. See generally King, 564 F.3d at 1135 (stating Kelly procedure remains available after Supreme Court decision in Rhines). In providing this opportunity, the court makes no findings regarding the timeliness of any claims that petitioner may wish to add back to the amended petition once he has exhausted them in state court. Should petitioner move for a stay pursuant to Kelly, or when the period within which he is given to do so expires, the court will address respondent's outstanding motion to dismiss.

In the meantime, petitioner does not need this court's permission to file an exhaustion petition in state court. The effect—if any—of such a state petition on these federal proceedings would remain to be seen, but a petitioner who recognizes the need for further exhaustion is never well-served by delaying that process.

---

occurred. See Noltie v. Peterson, 9 F.3d 802, 804-06 (9th Cir. 1993).

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall either:

    1. File a motion to stay the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), along with the required amended petition containing exhausted claims only; or

    2. Inform the court that he does not wish to file a motion to stay and the required amended petition pursuant to Kelly.

DATED: September 20, 2021

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE