UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCOTT LAKE, | No. 2:20-cv-2174 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. EATON, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the Court are respondent's motion to dismiss, ECF No. 12, and petitioner's motion for stay and abeyance, ECF No. 20. For the reasons stated below, the undersigned will recommend that respondent's motion be granted and that petitioner's motion be denied.

I. BACKGROUND

The habeas petition was filed on October 29, 2020. ECF No. 1. Respondent was directed to file a response, ECF No. 8, and timely moved to dismiss the petition on grounds that petitioner had not exhausted his state court remedies as to two claims. ECF No. 12. Petitioner opposed the motion, ECF No. 16, and respondent filed a reply, ECF No. 19.

Petitioner then filed a motion to stay the petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while he returned to state court. ECF No. 20. The

undersigned found that petitioner was not entitled to a Rhines stay. Rather than recommending denial of the Rhines motion at that time, the undersigned gave petitioner the opportunity to file another motion to stay, this one pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), for consideration in the alternative. ECF No. 21. Petitioner was given thirty days to either (1) file a motion to stay the petition along with a proposed amended petition pursuant to Kelly, or (2) inform the Court that he did not wish to do so. Id. at 5. This deadline was extended at petitioner's request. ECF No. 23. Petitioner did not file a motion for a Kelly stay within the time provided, nor has he communicated with the court in any way since requesting the extension of time in October 2021.

## II. RESPONDENT'S MOTION TO DISMISS

### A. Overview

Respondent contends that Claims Four and Five of the petition are unexhausted because petitioner did not present them to the California Supreme Court. He contends that the resulting mixed petition cannot be entertained. Relying on Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) and Rhines v. Weber, 544 U.S. 269, 278 (2005), respondent urges that the entire petition must be dismissed unless petitioner deletes his unexhausted claims and proceeds with the exhausted claims only. ECF No.12.

### B. Applicable Law

The exhaustion of available state remedies is a prerequisite to a federal court's jurisdiction to consider claims presented in a habeas corpus petition. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). A petitioner has not exhausted his claims "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c); Carey v. Saffold, 536 U.S. 214, 220 (2002).

////

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F. 3d 873, 873 (9th Cir. 2013) (citing Rose, 455 U.S. at 518-19). If a federal petition includes unexhausted claims, the petitioner must be permitted to delete the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 222 (2007) (citing Rhines, supra, 544 U.S. at 278); Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014); see Kelly, 315 F.3d at 1069-70 (reversing dismissal of mixed petition so court could offer petitioner opportunity to dismiss unexhausted claims and proceed to merits of others). "If a stay is not appropriate, the well-established rule that the district court is not to retain jurisdiction over mixed petitions applies." Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004)).

### C.  Petitioner's Claims and the State Court Record

The federal petition contains five claims that challenge the validity of petitioner's conviction for multiple sex crimes and sentence of life imprisonment: (1) failure of the prosecution to provide adequate notice that petitioner faced LWOP on Count 8; (2) failure of the trial court to instruct the jury on elements necessary to support LWOP on Count 8; (3) use of uncharged sex offense to prove propensity in violation of due process and trial rights; (4) failure of the prosecution to disclose material evidence in violation of Brady and due process; and (5) ineffective assistance of counsel "at trial for attorney dismissing 'witnesses' favorable to the defense whose testimony is supported by exculpatory/material evidence both suppressed by the state/prosecution [yet] and still in their possession." ECF No.1.

Claims One through Three were raised on appeal and presented to the California Supreme Court in a Petition for Review. Lodged Doc. 3; see also ECF No. 1 at 16-30 (attachment to federal petition). Claims Four and Five were not included in the Petition for Review. Id. Petitioner concedes that he did not seek collateral relief in the California Supreme Court, or otherwise present Claims Four and Five to that court. ECF No. 1 at 5 (petitioner's admission of non-exhaustion in the petition); ECF No. 16 at 2-4 (petitioner's admission of non-exhaustion in opposition to motion to dismiss); ECF No. 20 at 5 (petitioner's admission of non-exhaustion in motion for stay).

D. Discussion

It is plainly apparent that petitioner did not exhaust his state court remedies as to Claims Four and Five prior to filing his federal petition. Accordingly, the petition is mixed and may not be considered by this court. See Henderson, 710 F. 3d at 873; Wooten, 540 F.3d at 1026. Before recommending dismissal, the undersigned provided petitioner an opportunity to submit a petition containing only exhausted claims, as justice requires. ECF Nos. 21, 23. Petitioner has failed to do so. Accordingly, the petition must be dismissed unless a Rhines stay is appropriate. See Butler, 752 F.3d at 1180. The court now turns to that issue.

III. PETITIONER'S MOTION TO STAY

A. Applicable Law

There are two kinds of stays available to a Section 2254 petitioner who wishes to exhaust claims in state court. One is established by Rhines v. Weber, 544 U.S. 269 (2005), and the other is established by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007).

The Rhines stay procedure may be applied either to petitions which contain only unexhausted claims or to petitions that are "mixed" — that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit; and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

The Kelly stay procedure is used with mixed petitions. When it is implemented, the following occurs: (1) the petitioner amends the mixed petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn,

provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).[1]

B. Discussion

Petitioner seeks a Rhines stay so that he can present Claims Four and Five to the California Supreme Court. Although he argues that he meets the Rhines requirements (see ECF No. 20 at 8-10), the court disagrees. Petitioner claims that he is innocent of the crimes of which he has been convicted, arguing that his actual innocence (1) constitutes good cause for having failed to exhaust, and (2) shows that his claims are potentially meritorious. Newly discovered evidence of actual innocence may permit a petitioner to overcome untimeliness or procedural default in federal habeas proceedings. See Schlup v. Delo, 513 U.S. 298, 314-15 (1995) (actual innocence as exception to procedural default); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (actual innocence as grounds to equitably tolling statute of limitations). However, it does not excuse non-exhaustion.[2]

Petitioner's motion does not specify any evidence of his factual innocence, but merely refers the court to his conclusory prior allegations that exculpatory evidence was withheld by the prosecution. ECF No. 20 at 8. The Brady claim in the petition refers to a cell phone still in the state's possession, which allegedly contains recorded conversations between petitioner and a victim. ECF No. 1 at 5, 70. It can be fairly inferred that petitioner has been aware of the existence of the seized cell phone, and the recordings it contained, since the time of the phone's

---

[1] If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

[2] When the exhaustion process results in a state court procedural denial that might otherwise bar federal consideration of claims, Schlup may come into play. Similarly, when exhaustion results in federal untimeliness, McQuiggin may be invoked. In either case, the exception applies only where evidence of factual innocence is newly discovered, and where a miscarriage of justice has occurred. See Noltie v. Peterson, 9 F.3d 802, 804-06 (9th Cir. 1993).

seizure. This evidence therefore is not newly discovered, and thus cannot support cause under Rhines for petitioner's failure to previously exhaust. Moreover, the contents of the recorded conversation are not specified and so its exculpatory value—and the merit of claims based on that alleged value—cannot be evaluated.

For all these reasons, petitioner's showing as to good cause and the potential merit of his unexhausted claims is inadequate to support a Rhines stay. Moreover, petitioner fails to address the diligence prong with any specificity. See id. at 9. Accordingly, petitioner's motion to stay the petition pursuant to Rhines must be denied.

Petitioner has been provided the chance to alternatively request a stay under Kelly. ECF No. 21. The undersigned explained the Kelly procedure, and invited petitioner to submit an amended habeas petition containing exhausted claims only. Id. Petitioner has filed neither a motion for a Kelly stay nor a petition that deletes his unexhausted claims, despite being granted an extension of time to do so. ECF No. 23. Accordingly, petitioner has not demonstrated his entitlement to a stay on either available legal basis, nor has he taken the action necessary to avoid dismissal of his petition as a whole as a mixed petition.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be GRANTED;

2. Petitioner's motion to stay, ECF No. 20, be DENIED; and

3. The Court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE